**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | : |
|    Julia N. Armstrong | :   Chapter 13 |
|    Darren C. Armstrong | :   Case No.: 21-13379-MDC |
|    Debtor(s) | : |

**<u>AMENDED ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY</u>**

**AND NOW,** this ___27th___ day of _January_ 2022, upon consideration of the Motion for Authority to Sell Real Property filed by debtor, upon notice to all interested parties, upon the filing, and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

**ORDERED,** that Debtors are granted permission to sell their real property located at <u>50 Nettletree Lane Levittown, PA 19054</u> ("Property"), for the sale price <u>of $300,000.00</u>, pursuant to the terms of a certain real estate agreement of sale dated as of <u>December 3, 2021</u>, to the buyer(s) thereunder, Bryan Windland & Carly Gardineer ("Buyers"), who have been represented to be purchasing the Property at arms-length.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the approximate following manner:

1. Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters     $ 465.75

2. Liens paid at closing -     $ 255,242.31

3. Real estate taxes, sewer, trash and/or other such items     $3,536.73

4. Property repairs, if any     $2,010.50

5. Real estate commission, at no greater than 6%     $ 15,000.00

6. Attorney's fees, if any     $_____

7. Any small (less than $300) allowances agreed to be made to Buyer to settle any unforeseen dispute arising at settlement     $_____

8. Other     $_____

TOTAL     $ 276,255.29

    This Order is contingent upon the lien held by Freedom Mortgage Corporation being paid in full at closing pursuant to a proper payoff quote obtained prior to and good through the closing date. Any short payoff need be approved by Freedom Mortgage Corporation and the Debtors shall have ninety (90) days from the entry of this Order to sell the Real Property.

    After paying all liens and all costs of sale, the title clerk shall pay to Kenneth E. West, Chapter 13 standing trustee, the balance remaining after the Debtors/Sellers have received their exemption of up to $50,300.00 from their portion of the sale proceeds. Any additional proceeds remaining after all claims are satisfied shall be returned to the Debtors/Sellers by the Trustee.

    The title clerk shall fax a completed HUD-1 or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed.

    Upon trustee approval, the title clerk shall fax a copy of the disbursement check to the trustee, and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

    Per Bankruptcy Rule 6004(h), the 14 day stay as to effect of this Order is hereby waived.

BY THE COURT

_____
**MAGDELINE D. COLEMAN**
**CHIEF U.S. BANKRUPTCY JUDGE**